IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

\* \* \* \* \* \* \* \* \*

| | |
|---|---|
| IN RE: | ) |
| | ) |
| MARY JULIA HOOK | ) |
| DAVID L. SMITH, | ) Civil Nos. 1:07-CV-00648-BSJ |
| | ) 1:07-CV-02505-BSJ |
| Debtors, | ) |
| | ) (Bankr. Nos. 06-ap-01799-SBB |
| MARY JULIA HOOK | ) 06-bk-15511-SBB) |
| DAVID L. SMITH, | ) |
| | ) |
| Plaintiffs/Appellants, | ) **MEMORANDUM OPINION** |
| | ) **& ORDER** |
| vs. | ) |
| | ) |
| COMMISSIONER OF INTERNAL | ) |
| REVENUE, | ) |
| | ) |
| Defendant/Appellee. | ) |

\* \* \* \* \* \* \* \* \*

This court heard argument on these appeals in the above-captioned adversary proceeding on June 18, 2008, and the court took the matters under advisement. (*See* Minute Entry, dated June 18, 2008). Thereafter, the court entered an order deferring further action in these appeals pending a ruling by the Tenth Circuit Bankruptcy Appellate Panel in a related matter, namely an appeal from the order of dismissal of the Chapter 11 case in which this adversary proceeding arose. *See David Smith v. Colorado Dept. of Revenue, et al. (In re M. Julia Hook, et al.)*, BAP No. CO-07-106 (10th Cir. BAP). On August 26th, the Bankruptcy Appellate Panel issued its opinion and judgment in that matter affirming the dismissal of the Chapter 11 case, and on September 8th, the panel issued its mandate, which was received by the Bankruptcy Court. (*See*

Notice, filed September 8, 2008 (dkt. no. 282), in *David Smith v. Colorado Dept. of Revenue, et al. (In re M. Julia Hook, et al.)*, Case No. 06-bk-15511 SBB (Bankr. D. Colo.).)

Having reviewed the briefs and arguments presented by the parties as well as the record on appeal, this court concludes that the debtors' first appeal (Case No. 06-CV-00648) should be dismissed as moot, and in their second appeal (Case No. 06-02505) the Bankruptcy Court's order and judgment dismissing this adversary proceeding should be affirmed.

**Background**

Plaintiff Chapter 11 debtors David Smith and M. Julia Hook commenced this adversary proceeding against the Commissioner of Internal Revenue on September 25, 2006, seeking a determination of their respective federal income tax liabilities for the tax years 1992 through 2006. Concerning the 1992 through 1996 tax years, the Bankruptcy Court granted the Commissioner's motion to dismiss on the ground that the debtors' tax liability for those years had already been determined by the United States Tax Court.[1] As to the tax years 1997 through 2006, the Commissioner filed an answer to the debtors' complaint on January 22, 2007.[2]

The debtors then moved for entry of a default judgment against the Commissioner on the ground that the answer was filed three days late. *Cf.* Fed. R. Bankr. P. 7012(a), 9006(a). On March 20, 2007, the bankruptcy court entered orders denying that motion[3] and several other

---

[1](*See* Order Granting in Part, Denying in Part, Defendant's Motion to Dismiss, filed January 5, 2007 (dkt. no. 11) in *M. Julia Hook, et al. v. Commissioner of Internal Revenue*, Adversary No. 06-1799 SBB (Bankr. D. Colo.).) *See also David Lee Smith and Mary Julia Hook v. Commissioner*, T.C. Memo 2003-266, *aff'd*, 103 Fed. Appx. 661, 94 AFTR 2d 2004-5199 (10th Cir. 2004); *cert. denied sub nom. Hook v. Commissioner*, 544 U.S. 950 (2005).

[2](*See* Answer, filed January 22, 2007 (dkt. no. 15), in *M. Julia Hook, et al. v. Commissioner of Internal Revenue*, Adversary No. 06-1799 SBB (Bankr. D. Colo.).)

[3](*See* Order, filed March 20, 2007 (dkt. no. 20), in *M. Julia Hook, et al. v. Commissioner of Internal Revenue*, Adversary No. 06-1799 SBB (Bankr. D. Colo.).)

motions filed by the debtors, from which the debtors brought the instant appeal.[4] The Bankruptcy Court then set a pretrial and trial schedule for litigating the debtors' claims concerning the 1997 through 2006 tax years.

On September 11, 2007, the Bankruptcy Court dismissed the underlying Chapter 11 case in which this adversary proceeding arose. On motion of the Commissioner in light of that dismissal, the Bankruptcy Court dismissed this adversary proceeding as well:

> The Plaintiffs, in their remaining claim in this adversary proceeding, rely on 11 U.S.C. § 505(a)(1), which permits a Bankruptcy Court to "determine the amount or legality of any tax liabilities." It is upon this statute that the Defendants' rely to challenge the tax liabilities for the 2001 through 2005 tax years. Where, as here, an adversary proceeding is dependent upon bankruptcy law and the underlying bankruptcy case for its existence and the underlying bankruptcy case is dismissed, the adversary proceeding must be dismissed. Because the underlying bankruptcy case has been dismissed, the adversary proceeding must also be dismissed.

(Order, filed November 28, 2007 (dkt. no. 71), at 3 (footnote omitted) (citing *Pauley v. Bank One Colorado Corp.*, 205 B.R. 272, 275 (D. Colo. 1997)), in *M. Julia Hook, et al. v. Commissioner of Internal Revenue*, Adversary No. 06-1799 SBB (Bankr. D. Colo.).)

**Civil No. 1:07-CV-00648**

On this appeal, the Commissioner asserts that this court lacks jurisdiction of this appeal under 28 U.S.C. § 158 because the five orders from which the debtors have appealed are not "final judgments, orders and decrees" within the meaning of that section. The Commissioner further contends that the Bankruptcy Court did not err in dismissing the debtors' complaint as to the 1992 through 1996 tax years, or in denying the debtors' motion for entry of a default

---

[4](*See* Notice of Appeal, filed March 30, 2007 (dkt. no. 25), in *M. Julia Hook, et al. v. Commissioner of Internal Revenue*, Adversary No. 06-1799 SBB (Bankr. D. Colo.).) The debtors also appealed the January 5, 2007 Order granting in part the United States' motion to dismiss.

-3-

judgment. (*See* Appellee's Brief, filed May 22, 2007 (dkt. no. 11), at 7-16.)

The debtors argue that the five orders in question should be treated as final and appealable because thay conclusively determine disputed questions apart from the merits of the action and would be effectively unreviewable on appeal from a final judgment. (Reply Brief of *Pro Se* Plaintiffs M. Julia Hook and David L. Smith, filed May 25, 2007 (dkt. no. 12), at 1 (citing *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994), and *Cohen v. Beneficial Ind. Loan Corp.*, 337 U.S. 541, 546-47 (1949)).)[5] They insist that the Tax Court never afforded them a "full and fair opportunity . . . to 'actually litigate' the amount and legality of the taxes, interest and penalties allegedly owed to the Commissioner" for 1992 through 1996, and that the Tax Court's default judgment against them was fraudulently obtained and should not be given preclusive effect under principles of *res judicata* or collateral estoppel or under 11 U.S.C. § 505(a)(2)(A).[6] (*Id.* at 2-5 (citing *Allen v. McCurry*, 449 U.S. 90 (1980)).)[7] They also insist that

---

[5] Should this court conclude that the orders in question were not final and appealable under § 158, the debtors request leave to proceed as an interlocutory appeal under that section. (*Id.* at 2.)

[6] 11 U.S.C. § 505(a)(2)(A) reads:

(2) The court may not so determine—

(A) the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title;

[7] "Actual litigation," in the Tenth Circuit, seems to include a full and fair opportunity to present one's case concerning the substantive issues. *See, e.g., Lombard v. Axtens (In re Lombard)*, 739 F.2d 499, 502 (10th Cir. 1984). Bankruptcy courts have recognized that "[t]he general rule is that a default judgment will not be granted preclusive effect." *In re Jordana*, 221 B.R. 950, 954 (Bankr.W. D. Okla. 1998). Yet "there are recently decided exceptions to the this general rule." *Id.*

For example, if the losing party has significantly participated in the previous action, such as by engaging in discovery over a period of sixteen months, then collateral estoppel will apply. *Id.* Further, if the losing party in the previous action has actively participated in the action over a period of time and has engaged in serious misconduct, such as refusing to comply with discovery and obstructing the actual judicial process of litigation, then collateral estoppel will apply. *See FDIC v. Daily (In re Daily)*, 47 F.3d 365, 368-69 (9th Cir. 1995); *Bush v. Balfour Beatty Bahamas Limited (In re Bush)*, 62 F.3d 1319, 1324-25 (11th Cir. 1995); *Gober v. Terra + Corporation*, 100 F.3d 1195, 1205-06 (5th Cir.

the Commissioner's failure to file an answer to the balance of their complaint within ten days of the Bankruptcy Court's January 5, 2007 Order, coupled with his failure to "set forth in his answer any taxes which he claims Plaintiffs owe for the years 1997-2006," warrant the entry of a default judgment precluding the Commissioner "from claiming that Hook and Smith owe any taxes for the years 1997-2006," and that the Bankruptcy Court abused its discretion by failing to do so. (*Id.* at 6-7.)

### Civil No. 1:07-CV-02505

The debtors also appeal from the Bankruptcy Court's November 28, 2007 Order and Judgment dismissing this adversary proceeding in light of the dismissal of the underlying Chapter 11 case.[8] They argue that their first appeal in this adversary proceeding was and is still pending before this court, divesting the Bankruptcy Court of jurisdiction of the adversary proceeding at the time that the Bankruptcy Court entered its order and judgment of dismissal. (*See* Reply Brief for Plaintiffs, filed January 28, 2008 (dkt.no. 11), at 1-8.) The Commissioner responds that the debtors' appeal concerns the dismissal of their claims concerning the 1992 through 1996 tax years, which was not a final order; even if permitted to proceed, that appeal did not divest the Bankruptcy Court of jurisdiction over debtors' claims concerning the 1997 through

---

1996); *Pahlavi v. Ansari*, 113 F.3d 17, 19-20 (4th Cir. 1997).

*Id. See also Wolstein v. Docteroff (In re Docteroff)*, 133 F.3d 210, 216-17 (3d Cir. 1997) (affirming use of collateral estoppel in bankruptcy discharge proceeding where default entered because debtor wilfully obstructed discovery). The "actual litigation" requirement of collateral estoppel may thus be satisfied because the party was afforded a reasonable opportunity to defend himself on the merits but choose not to do so. *See Bush*, 62 F.3d at 1324. In affirming the Tax Court's default judgment against the debtors, the Tenth Circuit pointed out that the judgment was entered only after four days of trial, and that the debtors had "failed to appear at the resumption of the trial"; it also noted the debtors' "repeated failure to comply fully with the tax court's orders ." 103 Fed. Appx. at 662.

[8](*See* Notice of Appeal, filed November 30, 2007 (dkt. no. 75), in *M. Julia Hook, et al. v. Commissioner of Internal Revenue*, Adversary No. 06-1799 SBB (Bankr. D. Colo.).)

2006 tax years. (Appellee's Brief, filed January 22, 2008 (dkt. no. 10), at 7-10).

**Analysis**

At first glance, it appears that the five Bankruptcy Court orders listed in the debtors' March 30, 2007 notice of appeal are not "final judgments, orders, and decrees" within the meaning of 28 U.S.C. § 158(a)(1).[9] But this court need not decide that issue in light of the bankruptcy court's intervening dismissal of the underlying Chapter 11 case, now affirmed by the Tenth Circuit BAP on appeal.

"An adversary proceeding is a subpart of a bankruptcy case," *In re Mersmann*, 505 F.3d 1033, 1043 (10th Cir. 2007) (en banc), a litigated matter that is "'pursued within the broader framework cast by the petition.'" *In re Baines*, 528 F.3d 806, 810 (10th Cir. 2008) (quoting *Adelman v. Fourth Nat'l Bank & Trust Co. (In re Durability, Inc.)*, 893 F.2d 264, 266 (10th Cir. 1990); *accord Cascade Energy & Metals Corp. v. Banks (In re Cascade Energy & Metals Corp.)*, 956 F.2d 935, 938-39 (10th Cir. 1992). It is "a particular dispute or matter arising within a pending case, as opposed to the case as a whole." 5 Fed. Proc. L. Ed. *Bankruptcy* § 9:44, at 140 (2004) (footnote omitted). In this instance, the adversary proceeding arose out of the Chapter 11 case itself, with the debtors seeking a Bankruptcy Court determination of the amount and legality of their respective federal income tax liabilities for the years in question pursuant to 11 U.S.C. §

---

[9] As the court of appeals recently explained:

> "Generally, an order is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). Thus, an order that resolves only a part of the parties' dispute is not a final, appealable order. *See id.* at 265-66. In the *1214 bankruptcy context, however, the relevant "judicial unit" for application of the finality rule is not the overall bankruptcy case, "but rather the particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition." *Id.* at 266.

*In re Tri-Valley Distributing, Inc.*, 533 F.3d 1209, 1213-14 (10th Cir. 2008); *see also Quackenbush v. Allstate Ins. Co.* 517 U.S. 706, 712 (1996).

-6-

505(a)(1).

Does an adversary proceeding arising under Chapter 11 have life after the death of the bankruptcy case? The answer is no, particularly where the adversary proceeding depends upon the pending Chapter 11 proceeding for its very existence. *See Pauley v. Bank One Colorado Corp.*, 205 B.R. 272, 275 (D. Colo. 1997); *Armstrong v. Bailey*, 101 Fed. Appx. 778, 779 (10th Cir. 2004) ("When the district court rightly concluded that this adversary proceeding depended on the bankruptcy case for its existence, it was required to dismiss the adversary proceeding.")

The Bankruptcy Court's November 28, 2007 Order and Judgment acknowledged this loss of jurisdiction and simply did what the law requires under these circumstances.

The debtors' first appeal did not divest the Bankruptcy Court of jurisdiction of the entire adversary proceeding. Generally,

> Once a notice of appeal has been filed from the orders of a bankruptcy court, that court loses jurisdiction to reconsider its own orders, since a bankruptcy court and an appellate court cannot have concurrent jurisdiction *over the subject matter of the appeal*. The taking of an appeal transfers jurisdiction from the bankruptcy court to the appellate court *with regard to any matters involved in the appeal* and divests the bankruptcy court of jurisdiction to proceed with such matters.

5B Fed. Proc. L. Ed. *Bankruptcy* § 9:1850, at 325 (2004) (emphasis added & footnotes omitted). But "the bankruptcy court loses jurisdiction only as to the questions raised and decided in the specific order appealed from; the bankruptcy court's jurisdiction over other matters relating to the case is not impaired." *Id.* at 326 (footnote omitted).

On their face, the five orders from which the debtors appealed in March of 2007 did not encompass all of the issues raised in the adversary proceeding. The Bankruptcy Court could thus proceed as to those matters not addressed by the orders that were the subject of the debtors' first

-7-

appeal.

From the record, it appears that after the debtors filed their March 30, 2007 notice of appeal, the Bankruptcy Court went forward with pretrial proceedings on the debtors' remaining claims concerning the 1997 through 2006 tax years, and did so without any jurisdictional objection by the debtors[10] —until October 31, 2007, when the debtors responded to the Commissioner's motion to dismiss the entire proceeding by arguing that the Bankruptcy Court's jurisdiction had already been divested by their first appeal.[11]

**Conclusion**

Absent a pending Chapter 11 case, the Bankruptcy Court has no jurisdiction to grant the relief that the debtors were seeking in this adversary proceeding. Given that jurisdictional lapse, this court cannot grant any of the relief with respect to the Bankruptcy Court's orders that the debtors seek on their first appeal.[12] In effect, the appeal in Case No. 1:07-CV-00648 has been rendered moot.

Likewise, the Bankruptcy Court did not err in entering the November 28, 2007 Order and Judgment dismissing the entire adversary proceeding in light of the dismissal of the underlying Chapter 11 case, and in Case No. 1:07-CV-02505, both the Order and Judgment must be

---

[10]The debtors did not entreat the Bankruptcy Court not to act on their remaining claims. Indeed, the debtors urged the Bankruptcy Court to hold the Commissioner and counsel in contempt "for their contumacious conduct" during discovery, and requested an evidentiary hearing. (*See* Debtor/Plaintiffs' Written Report, filed May 24, 2007 (dkt. no. 39); Debtor/Plaintiffs' Reply, filed June 12, 2007 (dkt. no. 46), in *M. Julia Hook, et al. v. Commissioner of Internal Revenue*, Adversary No. 06-1799 SBB (Bankr. D. Colo.).)

[11](*See* Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss Adversary Proceeding, Etc., filed October 31, 2007 (dkt. no. 60).) At the same time, the debtors asked the court to reconsider its denial of their prior motion for a status and scheduling conference. (*Id.*)

[12]Dismissal of this adversary proceeding does not preclude the debtors from challenging their 1997-2006 tax liabilities as determined by the IRS, but not yet adjudicated by a court. Indeed, this court is advised that the debtors had already filed a petition in Tax Court challenging their liabilities for the 2001-2005 tax years. *See David Lee Smith and Mary Julia Hook v. Commissioner*, Docket No. 22223-07 (U.S. Tax Court).

-8-

affirmed.

Consequently,

**IT IS ORDERED** that the above-captioned appeal in Case No. 1:07-CV-00648 is DISMISSED; and

**IT IS FURTHER ORDERED** that the Bankruptcy Court's Order and Judgment filed November 28, 2007 dismissing the adversary proceeding *M. Julia Hook, et al. v. Commissioner of Internal Revenue*, Adversary No. 06-1799 SBB, on appeal to this court in Case no. 1:07-CV-2505, are hereby AFFIRMED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED this 18th day of September, 2008.

BY THE COURT:

Bruce S. Jenkins
United States Senior District Judge